# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS FUNK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-1159-HE |
| ) | |
| FARMERS INSURANCE COMPANY, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case involves claims arising out of a life insurance policy covering the life of Sabra R. Funk. Plaintiff alleges he is the owner and beneficiary of the policy, that Ms. Funk is deceased, and that the defendants have failed to honor the insurance contract. He also asserts claims against the defendants for breach of fiduciary duty. The defendants stated in the petition are Farmers Insurance Company, Inc. ("FICO"), Farmers Insurance Exchange ("FIE"), and Farmers New World Life Insurance Company ("FNWL").

Defendants removed the case from the District Court of Oklahoma County, based on diversity of citizenship. Thereafter, FICO and FIE moved to dismiss the claims against them on the basis of Fed.R.Civ.P. 12(b)(6). In his response, plaintiff asserted an objection to removal of the case, arguing that FIE is a proper party and a non-diverse defendant. The court directed the parties to submit further briefs addressing whether jurisdiction was present in this court in light of the potential dispute as to diversity of citizenship and the propriety of the removal. Order, January 8, 2013 [Doc. #11]. The parties have now done so and the jurisdictional question, as well as the motions to dismiss, are fully briefed. In the particular

circumstances existing here, the same underlying issue — whether plaintiff states any claim against defendants FIE and FICO — ultimately determines both the removal inquiry and the dismissal motions.

The court concludes no valid basis has been shown for objecting to the removal of this case or to this court's jurisdiction to hear it. Even assuming that FIE might be a non-diverse defendant, no claim is stated against it.[1] It is undisputed that the insurance contract was issued by FNWL and that FIE was not mentioned in it.[2] There are no factual (i.e. non-conclusory) allegations of any kind which would be a basis for arguing that FIE occupied a fiduciary position relative to plaintiff or that it breached any fiduciary duties it did have. Plaintiff's argument in his supplemental brief is that all the defendants are licensed to do business in Oklahoma and that they are affiliated in some fashion. But he cites no authority for the proposition that an entity may be liable for the debts of another simply by being affiliated with it in some fashion and also being licensed to do business in Oklahoma, and the court knows of no support for that remarkable proposition. Plaintiff makes no effort to even allege a basis for ignoring the corporate formalities here. In short, plaintiff's petition wholly fails to state a basis for claim against FIE, the arguably non-diverse defendant, and its presence may therefore be ignored in determining diversity and the propriety of removal.

---

[1] Plaintiff does not dispute FICO's status as a diverse defendant.

[2] *Plaintiff's reliance on* Badillo v. Mid-Century Ins. Co., *121 P.3d 1080 (Okla. 2005) is unavailing. That case recognized that a non-party to the insurance contract might be subject to a duty of good faith and fair dealing if the facts and circumstances were such that the non-party was acting, in substance, like an insurer. Here, plaintiff does not assert a bad faith claim at all and, more importantly, he does not even attempt to allege a basis for suggesting that FIE acted like an insurer as to him.*

Smoot v. Chicago, Rock Island and Pacific R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967) ("The joinder of a resident defendant against whom no cause of action is stated is patent sham . . . ."); *see also* Nerad v. AstraZeneca Pharmaceuticals, Inc., 203 F. App'x 911, 913 (10th Cir. 2006) ("[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." (citation omitted)) (unpublished).[3]  Jurisdiction is therefore proper in this court.

For substantially the same reasons, the claims against defendants FIE and FICO must be dismissed.  When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party.  Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010).  Unsupported, conclusory allegations, however, need not be accepted as true.  *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).  The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plaintiff concedes FICO and FIE are not parties to the insurance contract and he alleges no facts which might even arguably create a basis for fiduciary liability on their part.

To the extent plaintiff objects to the jurisdiction of this court or the propriety of the removal on the indicated basis, the objection is overruled.  Defendants' motion to dismiss [Doc. #2] is **GRANTED** and the claims against FIE and FICO are **DISMISSED**.

---

[3]*Determination of the issue of fraudulent joinder, for purposes of removal, involves more than simply making a Rule 12(b)(6) determination, but here plaintiff offers no plausible basis for claim against FIE even assessed against a more forgiving standard.  See* Montano v. Allstate Indemnity, *211 F.3d 1278 (10th Cir. 2000) (unpublished).*

**IT IS SO ORDERED**.

Dated this 31st day of January, 2013.

                                          _____
                                          JOE HEATON
                                          UNITED STATES DISTRICT JUDGE